[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPELLEE'S MOTION TO DISMISS
 FACTS
Appellee has moved to dismiss the appeal of a Meriden Probate Court decision to appoint a temporary guardian of Appellant's daughter who lives in Arizona. The action was authorized by Connecticut General Statutes 45a-622. Appellee claims that the proper venue for this proceeding is the Superior Court for New Haven County and that the order did not affect any of the Appellant's guardianship rights,
In response to a request of the Court, Appellant's attorney filed an affidavit outlining his attempt to file his appeal from the action of the Probate Court in the New Haven County Superior Court and the action taken when his attempt to file the appeal was refused.
In response to the request of the Court, Appellee filed certified copies of the record of the Probate Court. The records reflect that the Appellant was identified as the parent of the child, but not as a co-guardian Neither. the applicant nor the Probate Court gave the father notice of the pending proceeding. The Probate Court failed to make any finding that proper notice was given or that all interested parties had filed waivers of notice.
The Court's Order granting the Motion to Dismiss, if granted, would deny the child's father any opportunity to assert his rights as a guardian because the time to effect an appeal to the Superior Court for New Haven County has long since passed. Furthermore, the Appellant made every reasonable effort to file such an appeal in a timely fashion and was precluded from doing so without fault of his own.
The child's mother requested the appointment of a temporary guardian because she wanted to complete her education and was not able carry out her parental responsibilities while doing so. This Court has no basis to believe that the Appellant father was given the opportunity to care for CT Page 6609 his child or consult about the appointment of a temporary guardian for the child. Nonetheless, the Probate Court appointed the mother's sister, who lives in Arizona, to be the child's temporary guardian from June 25, 2001 to June 25, 2002.
The Appellant/father's guardianship rights were not recognized either on the application for appointment of a temporary guardian or in the Order of the Probate Court. Having received no timely notice of the proceeding or the Court's Order, the Appellant/father had no opportunity to object or to appeal. Consequently, he filed a motion to reopen the judgment. The Probate Court denied the motion without hearing and the Appellant/father has appealed from that denial. Father has not offered to assume custody of the child or to secure a caregiver for her other than the maternal aunt. She lives in Arizona.
Under its terms the order temporary guardianship will expire on June 25, 2002.
 CLAIMS OF LAW
Appellee claims that this Court lacks jurisdiction of this appeal because the Court is not the Superior Court for the Judicial District in which the Meriden Probate Court is located and cites s Connecticut General Statutes 45a-186 as his authority. Furthermore, she claims that father's rights were not adversely affected by the Order of the Meriden Probate Court on June 25, 2001; therefore, she claims the father has no standing to bring this appeal.
 DISCUSSION
The Court rejects the claims of Appellee and concludes that father has standing to prosecute this appeal and that the Juvenile Division of the Middlesex County Superior Court is the proper venue for the appeal of the denial of the motion to reopen.
Connecticut General Statutes 45a-186 (b)(2) discusses the proper venue for appeals from the Probate Court.
 ". . . any appeal in a matter concerning the removal of a parent as guardian, . . . shall be filed in the superior court for juvenile matters having jurisdiction over matters arising in such probate district."
The decree of the Meriden Probate Court appointed a third party as a temporary guardian, removing both the father and mother as guardians of the child temporarily. Nothing in the statute distinguishes between CT Page 6610 temporary and permanent removal of a guardian. Furthermore, the intent of subsection (b) of the statute was to place appeals from probate in the proper division of the Superior Court. This Court has jurisdiction of juvenile matters that emanate from the City of Meriden. The New Haven Superior Court Clerk properly directed Appellant to the Juvenile Division of the. Middlesex Superior Court in this matter. The claim that the Court should ignore the subject of the judgment sought to be reopened and treat the denial of the motion in a vacuum lacks merit.
The claim that Appellant's guardianship rights were not affected by the judgment sought to be reopened is also without merit. Although Appellant was a non-custodial guardian, he did have joint guardianship rights with the mother. (Connecticut General Statutes 45a-606). Her decision to temporarily relinquish both her custodial and guardianship rights temporarily should not adversely impact the father's rights. The Probate Court ordered removal of the child to a distant state and the placement of the child with a non-parental guardian without his knowledge or consent. The placement of the child in a different school was a direct and necessary consequence. All three of these decisions trample on father's basic guardianship rights and responsibilities. While the decision may have been in the best interest of the child, the father had no opportunity to consider that question or take a position on it before the Probate Court appointed the temporary guardian and the child was removed to Arizona.
The Meriden Probate Court should have heard the father's motion to open the judgment. In the absence of such a hearing the Probate Court should have granted the father's motion and considered his position on the temporary guardianship. Unfortunately, since the temporary guardianship will expire on June 25, 2002, and because the child's interest would be ill served by removal from her school at the end of the academic year, the judgment should not be reopened at this time. However, the Appellant/father is entitled to protection from any repetition of these circumstances.
 ORDER
Therefore, the Meriden Probate Court is hereby ORDERED to retain jurisdiction of the question of guardianship of Crystal H. Father shall be a party to all proceedings in connection therewith. Pursuant to this appeal, the Court will retain jurisdiction to review decisions of the Probate Court on the question of guardianship or the rights of any guardian or temporary guardian of Crystal H.
By the Court CT Page 6611
_____________________________ Thayer Baldwin, Jr. Judge of the Superior Court